MORROW, R. O., Associate Judge.
This is an appeal from the conviction of the appellant of murder in the second degree, and the question presented is whether or not said conviction is in accord with the law and evidence of the case.
The appellant, Lula Shirden, lived with her husband, the deceased, and their four year old daughter in a rented room of a house to which they had access to the kitchen, bathroom, living room and dining room. On the fatal night the deceased was under the influence of intoxicating liquor, having consumed a fifth of whisky. A question was asked by the appellant in the presence of Herman Harrell, and the deceased, as to whether her husband, the deceased, was getting fresh with Gladys (the wife of Herman), or was Gladys getting fresh with him. Thereupon the deceased cursed the appellant, calling her a liar and hitting her with his fist, knocking her to the floor; thereupon Herman Harrell said, “Bill, you have hurt your wife,” and walked out of the room and out of the house.
From this point on, the only testimony is that of the appellant. She testifies, after making the statement concerning Gladys, as follows: “When I told him, he jumped up off the bed and said, ‘You are telling me a damn lie.’ And struck me. And he struck me again, and I fell to the floor. I guess at this time Herman went out. *363 When I came up he was standing over me with his fist hailed up and it scared me, so when I went to get up off the floor I got this can and I dashed some oil on him and he was standing with his hack to the chair, and it must have startled him, and he fell down onto the chair, kind of sitting, and he got up and he said, ‘I’m going to fix you.’ And I dashed some more oil on him. He jumped up and he came at me. He said, ‘I’m going to fix you when I get this oil off me; I am going to kill you.’”
The evidence discloses that the oil referred to was kerosene. Further quoting the appellant, as follows: “He went to the bathroom and I came to the kitchen behind him. When I came to the door I said, ‘Billy, you are not going to hit me any more tonight.’ Because I was scared of him, and I knew what he was going to do because he had threatened me before and tried * * Thereafter the appellant went to the bedroom, took some newspaper and lit it on the heater. She went back to the bathroom and her testimony was as follows: “Well, when I came to the bathroom door he had finished his face, and when he turned and balled up his fist and started toward me, I stuck this (referring to the lighted newspaper) to his tie.” At this time the appellant grabbed her little girl by the hand and went out the door. Shortly thereafter the deceased stumbled out the door in flames.
The Court will not disturb the verdict of the jury where there is evidence to support the verdict. It appears there was provocation in this case. However, provocation without passion, or with an intervening period of deliberation, is not sufficient on which to predicate excusable or justifiable homicide. It was the province of the jury to consider the appellant’s frame of mind and the time it took her to go to the bathroom door and say “Billy, you are not going to hit me any more tonight,” and leave, and thereafter return with a lighted newspaper and touch it to the deceased’s tie. The evidence supports the verdict of the jury.
Accordingly the conviction from which this appeal is taken is affirmed.
Affirmed.
SHANNON, C. J., and WHITE, J.,. concur.